UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CONNIE FINNEY,
o.b.o C.F., a Minor,

      Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant,

Case No.  1:15-cv-460

HON. JANET T. NEFF

## OPINION

This is a social security action brought under Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review the final decision of the Commissioner of Social Security that Plaintiff's son, C.F., is not entitled to Supplemental Security Income under Title XVI of the Social Security Act.  Section 405(g) limits the Court to a review of the administrative record, and provides that if the Commissioner's decision is supported by substantial evidence, it shall be conclusive.  The Commissioner has found that C.F. is not disabled within the meaning of the Act.

### STANDARD OF REVIEW

The Court's jurisdiction is confined to a review of the Commissioner's decision and of the record made in the administrative hearing process.  *See Willbanks v. Sec'y of Health & Human Servs.*, 847 F.2d 301, 303 (6th Cir. 1998).  The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal standards in making her decision and whether there exists in the record substantial evidence supporting that decision.  *See Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989).  The Court may

not conduct a *de novo* review of the case, resolve evidentiary conflicts, or decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). It is the Commissioner who is charged with finding the facts relevant to an application for disability benefits, and her findings are conclusive provided they are supported by substantial evidence. *See* 42 U.S.C. § 405(g).

Substantial evidence is more than a scintilla, but less than a preponderance. *See Cohen v. Sec'y of Health & Human Servs.*, 964 F.2d 524, 528 (6th Cir. 1992) (citations omitted). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). In determining the substantiality of the evidence, the Court must consider the evidence on the record as a whole and take into account whatever in the record fairly detracts from its weight. *See Richardson v. Sec'y of Health & Human Servs.*, 735 F.2d 962, 963 (6th Cir. 1984). The substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (citation omitted). This standard affords to the administrative decision maker considerable latitude, and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision. *See Bogle*, 998 F.2d at 347; *Mullen*, 800 F.2d at 545.

**PROCEDURAL POSTURE**

Plaintiff's son, C.F., was born on May 20, 2006. (PageID.69.) On June 22, 2012, Plaintiff submitted an application for disability benefits, asserting that C.F. had been disabled since October 1, 2011, due to a learning disability, ADHD, and mood disorders. (PageID.86, 149–58.) This application was denied, after which time Plaintiff requested a hearing before an Administrative

Law Judge (ALJ). (PageID.98–109.) On October 15, 2013, ALJ Carol Guyton conducted an administrative hearing at which both Plaintiff and C.F. testified. (PageID.61–84.) In a written decision dated January 17, 2014, the ALJ determined that C.F. was not entitled to disability benefits. (PageID.39–60.) The Appeals Council declined to review this determination, rendering it the Commissioner's final decision in the matter. (PageID.32–37.) Plaintiff subsequently initiated this appeal under 42 U.S.C. § 405(g).

## ALJ'S DECISION

Federal law provides that an "individual under the age of 18" will be considered disabled if he "has a medically determinable physical or mental impairment, which results in marked and severe functional limitations." 42 U.S.C. § 1382c(a)(3)(C)(I). To determine whether a child satisfies this standard, the Commissioner must evaluate the claim under a three-step sequential process. 20 C.F.R. § 416.924.

In the first step, if the ALJ determines that the child is engaged in substantial gainful activities he cannot be found to be disabled. 20 C.F.R. § 416.924(b); *Elam v. Comm'r of Soc. Sec.*, 348 F.3d 124, 125 (6th Cir. 2003). If the child is not engaged in substantial gainful activity the analysis proceeds to step two, at which point the ALJ must determine whether the child has a severe impairment or combination of impairments. 20 C.F.R. § 416.924(c); *Elam*, 348 F.3d at 125. If the ALJ determines that the child suffers from a severe impairment, or combination of impairments, the analysis proceeds to step three, at which point the ALJ must determine whether the impairment(s) "meet, medically equal, or functionally equal" one of the impairments identified in the Listing of Impairments. 20 C.F.R. § 416.924(d); *Elam*, 348 F.3d at 125.

After noting that C.F. was not engaged in substantial gainful activity, the ALJ

proceeded to the second step of the analysis, finding that C.F. suffered from the following severe impairments: (1) attention deficit hyperactivity disorder (ADHD); (2) oppositional defiant disorder (ODD); and (3) a mood disorder. (PageID.45.) At the third step of the analysis, the ALJ concluded that C.F.'s impairments do not, individually or in combination, meet or medically equal any impairment identified in the Listing of Impairments detailed in 20 C.F.R. Part 404, Subpart P, Appendix 1. (PageID.45.) The ALJ further determined that C.F.'s impairments do not functionally equal in severity any impairment identified in the Listing of Impairments. (PageID.45–55.)

To determine whether a child claimant suffers from an impairment which is the functional equivalent of a listed impairment, the ALJ must evaluate how the child functions in each of six domains of functioning described as "broad areas of functioning intended to capture all of what a child can or cannot do." 20 C.F.R. § 416.926a(a)–(b). To be considered disabled, the child's impairments must result in "marked" limitations in two domains of functioning or an "extreme" limitation in one domain. 20 C.F.R. § 416.926a(a). The six domains of functioning are:

>  (i)   acquiring and using information,
>  (ii)  attending and completing tasks,
>  (iii) interacting and relating with others,
>  (iv)  moving about and manipulating objects,
>  (v)   caring for yourself, and
>  (vi)  health and physical well-being.

20 C.F.R. § 416.926a(b)(1).

The ALJ found that C.F. experienced less than marked limitations in acquiring and using information, attending and completing tasks, caring for himself, and in health and physical well-being. (PageID.50–52, 54–55.) He had a marked limitation in interacting and relating with others. (PageID.53.) Finally, Plaintiff had no limitation in moving about and manipulating objects. (PageID.53–54.) Accordingly, the ALJ determined that C.F. was not disabled as defined by the

4

Social Security Act.

### 1. The ALJ Did Not Need to Obtain an Updated Opinion on Functional Equivalence.

At the close of the administrative hearing, the ALJ noted that at the lower level, there was no severe impairment found, but that she was sending it to a medical expert for further review. (PageID.83.) On December 6, 2013, Dr. Jeffrey Andert responded to the ALJ's interrogatory, opining that Plaintiff's ADHD, ODD, and mood disorder were severe impairments. (PageID.395.) He further provided an evaluation of Plaintiff regarding the above functional domains, and the ALJ indicated she gave "great weight" to this opinion. (PageID.50). Plaintiff claims, however, that the ALJ was required to obtain an updated medical opinion regarding functional equivalence because Dr. Andert had not reviewed the entire record, and had the doctor reviewed the entire record, he would have found that Plaintiff was also marked in the domain of caring for himself.[1] (PageID.428–29.) Plaintiff further argues that in stating that the new evidence would not have changed the decision, the ALJ mischaracterized the record. The Court finds no error.

Plaintiff's argument, and the Commissioner's response, rests on a reading of SSR 96-6p[2] that requires an ALJ to obtain an updated medical opinion in two circumstances:

> When no additional medical evidence is received, but in the opinion of the administrative law judge or the Appeals Council the symptoms,

---

[1] The heading of Plaintiff's brief refers to medical equivalence, however the body of Plaintiff's brief makes clear she refers instead to functional equivalence.

[2] Social Security Rulings (SSR's) "are binding on all components of the Social Security Administration" and "represent precedent final opinions and orders and statements of policy and interpretations" adopted by the agency. 20 C.F.R. § 402.35(b)(1). While SSR's do not have the force of law, they are an agency's interpretation of its own regulations and "entitled to substantial deference and will be upheld unless plainly erroneous or inconsistent with the regulation." *Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 498 (6th Cir. 2006).

> signs, and laboratory findings reported in the case record suggest that a judgment of equivalence may be reasonable; or
>
> When additional medical evidence is received that in the opinion of the administrative law judge or the Appeals Council may change the State agency medical or psychological consultant's finding that the impairment(s) is not equivalent in severity to any impairment in the Listing of Impairments.

SSR 96-6p, 1996 WL 374180, at *4 (July 2, 1996).  Though not directly citing the above language, Plaintiff has submitted additional evidence, and accordingly relies on the latter of the above two circumstances.  Indeed this is the approach the Sixth Circuit took in *Kelly v. Comm'r of Soc. Sec*, 314 F. App'x 827 (6th Cir. 2009) in a case where the plaintiff argued he was functionally equivalent to the listings.  In that case the court determined, under a SSR 06-6p analysis, that the new evidence consisting of additional teacher reports was not very different from earlier reports and, accordingly, would not have changed the ALJ's conclusion.  *Id.* at 830–31.  A Subsequent Social Security Ruling, however, demonstrates that this approach is not necessary where, as here, the opinion in question concerns functional, not medical equivalence:

> While SSR 96-6p requires that an ALJ or the [Appeals Council] must obtain an updated medical expert opinion before making a decision of disability based on medical equivalence, there is no such requirement for decisions of disability based on functional equivalence. Therefore, ALJs and the AC (when the AC makes a decision) are not required to obtain updated medical expert opinions when they determine that a child's impairment(s) functionally equals the listings.

SSR 09-1p, 2009 WL 396031, at *12 (Feb. 17, 2009) (effective March 19, 2009).  As Plaintiff does not argue the ALJ was required to obtain an updated opinion on medical equivalence, only functional equivalence, this is exactly the situation contemplated above.  The ruling makes patent that an ALJ is not required to seek an updated opinion from an expert regarding functional

equivalence. The Court concludes that SSR 09-1p is not plainly erroneous or inconsistent with the regulations, and accordingly further concludes that Plaintiff's claim must fail. *See Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x at 498 (stating that an SSR will be upheld unless it is "plainly erroneous or inconsistent with the regulation"); *see also Edwards ex rel. L.T. v. Colvin*, No. 12 C 7639, 2013 WL 3934228, at *5 (N.D. Ill. July 30, 2013).

Though the ALJ was not required to obtain an updated opinion, she nonetheless discussed Plaintiff's request for one, but determined that the new evidence offered by Plaintiff–a disciplinary report stating C.F. was required to wear a harness after opening an emergency door on a school bus, and a fire incident report documenting C.F.'s ignition of a fire at home–was "not much out of character" with the other evidence. (PageID.50.) To the extent Plaintiff argues the ALJ erred in characterizing this additional evidence, such does not compel a different outcome. Even if the ALJ incorrectly characterized C.F.'s statements regarding the November 15, 2013, fire, it amounts to only harmless error because the ALJ was not required to obtain an updated opinion to consider the evidence in the first place.

**2.      The ALJ Erred in Discussing the Domains of Functioning.**

After concluding that Plaintiff did not meet or medically equal the severity of a listed impairment, the ALJ next considered whether Plaintiff had an impairment or combination of impairments that functionally equaled a listing. The ALJ began by summarizing the evidence in a discussion spanning five pages. (PageID.45–50.) The ALJ concluded this discussion by considering the interrogatory completed by Dr. Jeffrey Andert. (PageID.398–99.) . The ALJ discussed Dr. Andert's responses regarding the domains of functioning as follows:

> Dr. Andert further opined that the claimant has a less than marked impairment in his ability to acquire and use information, citing his

7

>average level of intelligence with no evidence of any learning disability, and the teacher's assertion of only mild impact of behavior problems on his achievement.
>
>Dr. Andert opined that the claimant has a less than marked impairment in the area of attending to and completing tasks, citing the noted benefits of his medication, adding that without medication, he would have a marked limitation in this domain. Dr. Andert opined a marked limitation in the domain of interacting and relating with others. He cited the claimant's demonstrations of aggressive and disruptive behavior, along with his failure to comply with rules despite medication.
>
>Dr. Andert opined that the claimant has no limitation in his ability to move about and manipulate objects. He also opined a less than marked limitation in his ability to care for himself, citing his need for prompts and reminders to perform self-help skills secondary to his ADHD symptoms, as well as the teacher reports of his uncleanliness at times. Finally, Dr. Andert opined a less than marked limitation in health and physical well-being, citing the need for medication adjustments.

(PageID.49.) The ALJ proceeded to separately discuss each of the six domains. (PageID.50–55.) In each discussion, the ALJ laid out the relevant considerations for each domain as required by the regulations and social security rulings. Each discussion ended with the ALJ noting that Plaintiff was marked, less than marked, or had no limitation, and that the conclusion was either in accordance with Dr. Andert's opinion, or that there was no allegation or evidence to the contrary. Plaintiff claims that the ALJ's discussion of the functional domains was insufficient for meaningful judicial review. (PageID.435.) The Court agrees.

When this case was brought to the ALJ by Plaintiff, the ALJ had the "overall responsibility" for determining functional equivalence. 20 C.F.R. § 416.926a(n); SSR 09-1p, 2009 WL 396031, at *12. Here, the ALJ appeared to abdicate that responsibility in relying solely on the expert's opinion with no further accompanying analysis. In so doing, the ALJ failed to "provide an

evidentiary basis for the very different criteria that apply to each of the various domains." *A.H. ex rel. Williams v. Astrue*, No. 09C6981, 2011 WL 1935830, at *11 (N.D. Ill. May 18, 2011). This is not to say that the ALJ was in error to give weight to the expert's opinion especially where — as here — the opinion was uncontroverted. What is missing here is a discussion of the record and a connection of the record to the ALJ's conclusions, such that the Court might determine whether the conclusion is supported by substantial evidence. The Commissioner notes that the Court may view the ALJ's discussion as a whole, however, "the ALJ's decision still must say enough to allow the appellate court to trace the path of [her] reasoning." *Stacey v. Comm'r of Soc. Sec.*, 451 F. App'x 517, 519 (6th Cir. 2011) (internal quotation marks omitted). "[W]hile the ALJ's decision contains an extensive recitation of the evidence in the record, [she] did not connect the dots as it relates to the evidence [she] relied on to support [her] conclusions." Sewell ex rel. HMC v. Comm'r of Soc. Sec., No. 10-12520, 2011 WL 3566471, at *8 (E.D. Mich. July 20, 2011), *report and recommendation adopted Sewell v. Comm'r of Soc. Sec.*, No. 10-12520, 2011 WL 3566401 (E.D. Mich. Aug. 12, 2011). On the record here, the Court is unable to trace the path of the ALJ's reasoning and so cannot conclude whether substantial evidence supports the ALJ's conclusion. Accordingly, this case must be remanded for a proper analysis of the functional domains.

       **3.**      **Remand is Appropriate.**

While the Court finds that the ALJ's decision fails to comply with the relevant legal standards, Plaintiff can be awarded benefits only if "all essential factual issues have been resolved" and "the record adequately establishes [his] entitlement to benefits." *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994); *see also, Brooks v. Comm'r of Soc. Sec.*, 531 F. App'x 636, 644 (6th Cir. 2013). This latter requirement is satisfied "where the proof of disability

is overwhelming or where proof of disability is strong and evidence to the contrary is lacking." *Faucher*, 17 F.3d at 176; *see also, Brooks*, 531 F. App'x at 644. Evaluation of Plaintiff's claim requires the resolution of certain factual disputes which this Court is neither competent nor authorized to undertake in the first instance. Moreover, there does not exist compelling evidence that C.F. is disabled. Accordingly, this matter must be remanded for further administrative action.

## CONCLUSION

For the reasons articulated herein, the undersigned concludes that the ALJ's decision is not supported by substantial evidence. Accordingly, the Commissioner's decision is **REVERSED** and this matter is **REMANDED** for further factual proceedings under sentence four of 42 U.S.C. § 405(g).


Dated:  May 25, 2016                              /s/ Janet T. Neff
                                                  JANET T. NEFF
                                                  United States District Judge